JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOANNE GILLIAS,** | Case No.: CV 19-02201-CJC(SKx) |
| Plaintiff, | |
| v. | |
| **ANTHONY KANDARE,** | **ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT** |
| Defendants. | |

**I. INTRODUCTION & BACKGROUND**

On September 17, 2019, Plaintiff Joanne Gillias filed a "Request for Elder or Dependant Adult Abuse Restraining Order" against her brother, Defendant Anthony Kandare, in Riverside County Superior Court. (Dkt. 1. [Notice of Removal, hereinafter "NOR"] at Appendix C.) The request alleges that Defendant has been financially taking advantage of his 82-year-old mother, Valerie Kandare, who has dementia and does not

-1-

have the capacity to make financial decisions. (*Id.*) According to the request, over the last several months, Defendant has successfully borrowed funds from Ms. Kandare on several occasions and continues to bombard her with requests for money. (*Id.*) The Superior Court has since issued a temporary restraining order against Defendant, barring him from engaging in further acts of financial abuse. (*Id.*) On November 15, 2019, Defendant, appearing *pro se*, removed the case to this Court, invoking diversity jurisdiction. (Dkt. 1. [Notice of Removal].) For the following reasons, the case is **DISMISSED** for lack of subject matter jurisdiction.

## II. DISCUSSION

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. *See* 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

When, as here, a defendant invokes diversity jurisdiction and "the complaint does not contain any specific amount of damages sought, the [defendant] bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). The defendant must make this showing with "summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In actions

1  like this one seeking only declaratory or injunctive relief, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

Defendant has not met his burden in establishing that the injunctive relief sought here—a restraining order barring him from financially abusing his mother—would directly produce a pecuniary result of over $75,000. Defendant's primary contention for why this action clears the amount in controversy threshold is that the issuance of a restraining order could potentially preclude him from obtaining employment at various places in the legal industry. (*See* NOR at 4–5.) But the issuance of the restraining order would not "directly produce" any of these adverse employment consequences. *See In re Ford*, 264 F.3d at 958. The injunctive relief Plaintiff seeks would not directly bar Defendant from applying to any jobs, it would only bar from continuing to financially abuse his mother. Thus, any potential harm to Defendant's job prospects would be incidental to the issuance of the injunction, rather than a direct product of it. *See Parham v. McDonald's Corp.*, 2011 WL 2860095, at *1 (N.D. Cal. July 20, 2011) (granting motion to remand when costs alleged by defendant were incidental to, as opposed to a direct product of, the proposed injunction). Such collateral costs cannot be considered when determining amount in controversy. *See Tompkins v. Basic Research LLC*, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008). Defendant has not met his burden in establishing this Court's jurisdiction over the action.

//
//
//
//
//

## III. CONCLUSION

For the foregoing reasons, this case is **REMANDED** Riverside County Superior Court.

DATED: December 10, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE